**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 10 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUDSON D. GARRETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1205-CR-231 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1108-FB-168

**October 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Judson D. Garrett appeals the sentence imposed by the trial court following his guilty plea to and conviction for Class B felony robbery.[1] Specifically, Garrett contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the March 12, 2012 guilty plea hearing provides that on July 28, 2011, Garrett, along with two other individuals, knowingly and intentionally took money from Theresa Bets while she was working in her position as an employee of a McDonald's restaurant. Garrett and his cohorts carried out the robbery while armed with a deadly weapon, *i.e.*, a firearm, and threatened its use against Bets.

On August 4, 2011, the State charged Garrett with one count of Class B felony robbery.[2] On March 12, 2012, the trial court conducted a hearing at which Garrett pled guilty "straight up" to the robbery charge. Guilty Plea Tr. p. 8. The trial court accepted Garrett's guilty plea and conducted a sentencing hearing on April 9, 2012, at which the court sentenced Garrett to a fifteen-year term. This appeal follows.

## DISCUSSION AND DECISION

Garrett contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of his offense and his character.

### I. Abuse of Discretion

---

[1] Ind. Code § 35-42-5-1 (2011).

[2] The State amended the charging information on October 27, 2011.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted). When imposing a sentence in a felony case, the trial court must provide a reasonably detailed sentencing statement explaining its reason for imposing the sentence. *Id*.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

In arguing that the trial court abused its discretion in sentencing him, Garrett "requests this Court to reweigh the aggravating and mitigating" factors. Appellant's Br. p. 6. However, in *Anglemyer*, the Indiana Supreme Court held that "because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence … a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Id*. at 491. Thus, "the relative weight or value

3

assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Id.* Accordingly, in light of the Indiana Supreme Court's holding in *Anglemyer,* we decline Garrett's request that we reweigh the aggravating and mitigating factors found by the trial court.[3]

## II. Appropriateness of Sentence

Garrett also challenges his sentence by claiming that it is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Garrett's offense, the record demonstrates that Garrett, along with two others, robbed a McDonald's restaurant while armed with a firearm and threatened to use the firearm against the McDonald's employee, Bets. Garrett forced Bets to take him to a back office and instructed her to open the safe and to place the money within the safe in a plastic bag. Garrett's actions put Bets in great fear.

With respect to Garrett's character, the record demonstrates that Garrett had three prior felony convictions for robbery, auto theft, and resisting law enforcement as well as a

---

[3] We note that the cases relied on by Garrett in support of his request that we reweigh the aggravating and mitigating factors apply to the pre-*Blakely* statutory regime which was overturned long before Garrett committed the instant offense.

misdemeanor conviction for operating a vehicle having never received a license. Garrett had previously had his probation revoked and was on parole under an unrelated cause number at the time he committed the present offense. Garrett argues that his prior felony criminal convictions should not be given great weight because the convictions were from 2005, and he had not committed any additional felonies in the intervening seven years. Garrett, however, was incarcerated for most of the intervening seven years and committed the instant robbery less than one year after having been released from incarceration for his prior felony robbery conviction.

Garrett also argues that it reflects well on his character that he accepted responsibility for his actions and pled guilty. At sentencing, the trial court found Garrett's guilty plea and acceptance of responsibility to be mitigating factors. However, the trial court told Garrett that it did not "weight [sic] that very heavily … because your trial was set to commence March 13th, and you pled guilty on March 12th, which in my mind is more of a tactical decision on your part as opposed to a true acceptance of responsibility, but you did plead guilty." Sentencing Tr. p. 11. We agree with the trial court that Garrett's decision to plead guilty one day before his trial was scheduled to begin appears to be more of a tactical decision than a desire to accept responsibility for his actions. Thus, in light of Garrett's actions, which included robbing a McDonald's restaurant while armed with and having threatened use of a firearm against a McDonald's employee; Garrett's criminal history, which included a prior felony robbery conviction; and his prior failure to respond positively to probation, we cannot say that his fifteen-year sentence in inappropriate.

5

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.