## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 07 2015, 8:45 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Wesley Kimbrough, Jr., *Appellant-Defendant,* | July 7, 2015 |
| | Court of Appeals Case No. 45A03-1501-CR-18 |
| v. | Appeal from the Lake Superior Court The Honorable Diane Ross Boswell, Judge |
| State of Indiana, *Appellee-Plaintiff* | Lower Court Cause No. 45G03-1402-FA-9 |

**Bradford, Judge.**

# Case Summary

[1]     In November of 2014, Appellant-Defendant John Wesley Kimbrough, Jr. pled guilty to Class B felony aggravated battery after he cut and/or stabbed a friend

five times with a knife.  In exchange for Kimbrough's guilty plea, Appellee-Plaintiff the State of Indiana (the "State") agreed to dismiss numerous charges against Kimbrough, including a charge of Class A felony attempted murder. The trial court subsequently accepted Kimbrough's guilty plea and sentenced Kimbrough to a term of seventeen years of incarceration.

[2] On appeal, Kimbrough contends that his seventeen-year sentence is inappropriate.  We disagree.  Accordingly, we affirm the judgment of the trial court.

## Facts and Procedural History

[3] The stipulated factual basis entered into by the parties provides as follows: on February 18, 2014, Kimbrough and the victim were present at a residence located in Gary.  At some point, Kimbrough and the victim became engaged in a verbal altercation in an upstairs bedroom.  After this altercation, Kimbrough went to the kitchen area and retrieved a knife.  Kimbrough "then cut and/or stabbed" the victim five times with the knife.  Appellant's App. p. 21.

> The five (5) wounds to [the victim] were as follows: 1) a cut to her upper left cheek, 2) a penetrating wound to her lower left cheek below her left ear, 3) a penetrating wound to her left maxilla, 4) a penetrating wound to her right shoulder, and 5) a penetrating wound to her left breast.

Appellant's App. p. 21.  The victim's injuries were serious enough that she needed to be taken to Methodist Northlake Hospital before being transferred to Indiana University Health Methodist Hospital in Indianapolis for further

treatment. The injuries sustained by the victim at the hands of Kimbrough "created a substantial risk of death and caused serious permanent disfigurement" to the victim. Appellant's App. p. 22.

[4] On February 20, 2014, the State charged Kimbrough with Class A felony attempted murder, Class B felony aggravated battery, Class C felony battery by means of a deadly weapon, and Class C felony battery resulting in serious bodily injury. On November 7, 2014, Kimbrough entered into a plea agreement with the State. Pursuant to the terms of this plea agreement, Kimbrough agreed to plead guilty to Class B felony aggravated battery and the State agreed to dismiss all remaining charges, including the Class A attempted murder charge. Sentencing was left to the discretion of the trial court. On December 12, 2014, the trial court accepted the plea agreement and sentenced Kimbrough to a seventeen-year term. This appeal follows.

# Discussion and Decision

[5] Kimbrough contends that his seventeen-year sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the

defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[6] With respect to the nature of Kimbrough's offense, the record demonstrates that Kimbrough attacked a good friend with a knife, cutting or stabbing her five times. The victim suffered serious injuries as a result of Kimbrough's attack, including "1) a cut to her upper left cheek, 2) a penetrating wound to her lower left cheek below her left ear, 3) a penetrating wound to her left maxilla, 4) a penetrating wound to her right shoulder, and 5) a penetrating wound to her left breast." Appellant's App. p. 21. The victim testified during the sentencing hearing that she was not expecting the attack and was defenseless at the time it occurred. Specifically, the victim testified that she "was surprised about the incident of how it happened or whatever because there was no really -- no reason, and [she] and [Kimbrough] were good friends." Tr. p. 21. She further testified that she suffered lasting physical injuries and mental issues as a result of the attack. In describing her injuries, the victim testified:

> My face, I have a problem with my salvatory (sic) where my mouth fills up with saliva and my jaw dislocates and pops back in place.
>
> I'm having problems hearing now. Mentally, I just -- I don't know. I have sleepless nights. I guess because he's so close -- he was so close to me, and I don't understand that.
>
> I don't hang with many people but I used to hang with him. And I guess I just don't understand.

Tr. pp. 21-22. In sum, Kimbrough committed a heinous, violent attack against a good friend, and, as a result of his actions, his now former friend suffers from ongoing physical and mental issues.

[7] With regard to the nature of his character, Kimbrough asserts that his seventeen-year sentence is inappropriate because he acted out of character when he attacked the victim. In support of this assertion, Kimbrough points to the victim's testimony at sentencing that she was surprised by his actions because she and Kimbrough had been good friends and that the attack appeared to occur without reason. Kimbrough also points to his counsel's opinion that once he was taking medication for his alleged mental illness and diabetes, he was cooperative and polite.

[8] Upon review, we disagree with Kimbrough's assertion that he acted out of character when he committed the underlying criminal offense. Kimbrough acknowledges that he has a criminal record, but claims that his criminal record should not be given much weight because it contains only one prior conviction from 1992. What Kimbrough does not mention, however, is that this one prior conviction was for Class A felony manslaughter for the intentional killing of his then-wife. Further, while Kimbrough did demonstrate remorse and accept responsibility for his actions by pleading guilty, his decision to do so could easily be considered to be a tactical decision as the State agreed to dismiss three other serious charges in exchange for Kimbrough's plea. Again, the dismissed charges were charges for Class A felony attempted murder, Class C felony

battery committed by means of a deadly weapon, and Class C felony battery resulting in serious bodily harm.

[9] In light of the facts surrounding the nature of Kimbrough's offense and his character, we conclude that Kimbrough has failed to meet his burden of persuading us that his aggregate seventeen-year sentence is inappropriate.

[10] The judgment of the trial court is affirmed.

Vaidik, C.J., and Kirsch, J, concur.