## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 11 2017, 9:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dusty R. Owens,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 11, 2017

Court of Appeals Case No.
69A05-1612-CR-2903

Appeal from the Ripley Superior Court

The Honorable Jeffrey L. Sharp, Judge

Trial Court Cause Nos.
69D01-1603-F6-65
69D01-1605-F6-92
69D01-1605-F6-104

**Bradford, Judge.**

# Case Summary

[1] On August 29, 2016, Appellant-Defendant Dusty R. Owens pled guilty to Level 6 felony escape under Cause Number 69D01-1603-F6-65 ("Cause No. F6-65"), Level 6 felony battery with moderate bodily injury and Level 6 felony intimidation under Cause Number 69D01-1605-F6-92 ("Cause No. F6-92"), and Level 6 felony battery with moderate bodily injury under Cause Number 69D01-1605-F6-104 ("Cause No. F6-104"). The trial court accepted Owens's guilty pleas, and, on September 27, 2016, sentenced Owens to an aggregate term of seven and one-half years imprisonment. In this consolidated appeal, Owens contends that his aggregate seven-and-one-half-year sentence is inappropriate in light of the nature of his offenses and his character. We affirm.

# Facts and Procedural History

[2] This consolidated appeal involves the appropriateness of the aggregate sentence imposed in connection with four separate offenses which were charged under three separate cause numbers.

## A. Cause No. F6-65

[3] Owens has previously been convicted of felony sexual battery with a victim who was mentally disabled or deficient or was otherwise unable to consent and misdemeanor resisting law enforcement. In connection with these offenses, Owens was released from parole and placed on home detention on February 27, 2016. On March 16, 2016, Owens removed the electronic monitoring

device that had been placed on his ankle as part of his placement on home detention. Owens indicated that he knew that cutting off his ankle bracelet would be a violation of the terms of his home detention but that he "cut off his ankle bracelet because he just wanted to do his backup time." Appellant's App. Vol. II Confidential, p. 68. Owens was subsequently re-arrested and placed in the Ripley County Jail.

## B. Cause No. F6-92

[4] On April 15, 2016, while in custody at the Ripley County Jail following his arrest for escape, Owens battered Noah Davidson, a fellow inmate, over an alleged gambling debt. On that date, Officer Jacob Werner, who was employed by the Ripley County Sheriff's Department as a jail officer, observed that a camera focused on the general population had been covered up. When the camera was uncovered, Officer Werner observed Owens "beat his chest" and "throwing around some property, which ended up being Noah Davidson's." Tr. p. 32.

[5] Officer Werner responded to the cell block where Davidson and Owens were gathered. Officer Werner then observed that Davidson had been "beat up" and "had bruises, cuts, [and] scrapes on his face." Tr. p. 32. Officer Werner and another officer observed the Owens had blood on his knuckles. Owens denied being involved in the altercation. He claimed that his knuckles were bloody because he had been on the phone with his girlfriend, learned that his girlfriend had cheated on him, and punched the wall. Officer Werner did not believe

Owens's claim, as he had observed video which indicated that Owens had participated in the altercation.

[6] During Officer Werner's investigation into the altercation, Owens forcibly pulled away from Officer Werner when Officer Werner instructed Owens to follow him to an isolation cell. Owens hesitated, saying that "he is not locking down and [that] he is innocent until proven guilty." Tr. p. 33. Owens also failed to comply with Officer Werner's subsequent instructions to back up so that another inmate could gather his belongings. In refusing to follow Officer Werner's instructions, Owens punched a door frame and began cussing at Officer Werner. Owens looked toward Officer Werner and said "F[***] you mother f[*****]." Tr. p. 35. Owens then proceeded to drop his pants, expose his genitals to Officer Werner, and tell Officer Werner "to suck his f[******] d[***]." Tr. p. 35. Owens continued to ignore Officer Werner's instructions and "stepped forward towards" Officer Werner. Tr. p. 35. Officer Werner considered this to be threatening behavior and eventually deployed his taser on Owens.

[7] The following night, Owens again failed to follow instructions from Officer Werner and the other jail officers. During this encounter, Owens became agitated and told Officer Werner that "I am going to smash your girl up Jake just for the fun of it." Tr. p. 37. Owens then proceeded to inform Officer Werner that he knew where Officer Werner lived and that Officer Werner and his girlfriend lived together.

## C. Cause No. F6-104

On May 12, 2016, Owens again engaged in a physical altercation with Davidson. This altercation again resulted in injury to Davidson. With respect to the batteries of Davidson, Owens showed no remorse and indicated that "someone is not going to punk me out." Appellant's App. Vol. II Confidential, p. 68. Owens also acknowledged that he was not under the influence of drugs when he committed either of the batteries against Davidson.

## D. Guilty Pleas and Sentencing

On March 30, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Owens under Cause No. F6-65 with Level 6 felony escape. On May 2, 2016, the State charged Owens under Cause No. F6-92 with Level 6 felony conspiracy to commit battery with moderate bodily injury, Level 6 felony battery with moderate bodily injury, and Level 6 felony intimidation. On May 17, 2016, the State charged Owens under Cause No. F6-104 with Level 6 felony battery with moderate bodily injury. On August 29, 2016, Owens pled guilty to the following charges: (1) Level 6 felony escape under Cause No. F6-65, (2) Level 6 felony battery with moderate bodily injury and Level 6 felony intimidation under Cause No. F6-92, and (3) Level 6 felony battery with moderate bodily injury under Cause No. F6-104.

The trial court accepted Owens's guilty pleas and, on September 27, 2016, conducted a consolidated sentencing hearing. At the conclusion of the hearing, the trial court made a detailed sentencing statement which is summarized as

follows: (1) Owens's poor childhood and drug addiction were mitigating factors; (2) prior attempts to place Owens in drug treatment centers were unsuccessful; (3) Owens has a high level of criminal thinking as is reflected by the fact that he has been categorized as a very high risk to reoffend; (4) Owens's criminal history dates back to when he was a juvenile and includes numerous juvenile arrests, at least one juvenile adjudication, and multiple adult convictions; (5) Owens has previously violated the terms of his probation on at least four different occasions; (6) both the April 15, 2016 altercation and the May 12, 2016 altercation were unprovoked attacks on a fellow inmate and occurred while Owens was in jail following his decision to violate the terms of his home detention by cutting his GPS tracking device off of his ankle; (7) the fact that the two unprovoked attacks occurred while Owens was incarcerated was an aggravating factor; (8) Owens's character was an aggravating factor; and (9) Owens failed to follow the instructions of jail officers on numerous occasions, going as far as telling Officer Werner to "suck my [d***], [f***] you," and exposing himself to Officer Werner. Tr. p. 47.

[11] The trial court sentenced Owens to an aggregate seven-and-one-half year term of imprisonment. In imposing this sentence, the trial court found that Owens was an extreme danger to himself and to the community. The trial court also found that there was an extremely high likelihood that Owens would reoffend.

# Discussion and Decision

[12] Owens contends that his aggregate seven-and-one-half year sentence is inappropriate. In challenging the appropriateness of his sentence, Owens asserts that his sentence is inappropriate because at the age of twenty, he "still suffers from the impetuousness of youth." Appellant's Br. p. 9. Owens also asserts that his sentence is inappropriate because neither the nature of his offenses nor his character "warrant so much time in prison." Appellant's Br. p. 8. We disagree.

[13] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[14] With respect to the nature of Owens's offenses, the record reveals that Owens knowingly and intentionally violated the terms of his home detention by cutting off his GPS monitoring device. Owens subsequently explained that he did so because he "just wanted to do his backup time." Appellant's App. Vol. II Confidential, p. 68. Once back in jail, Owens engaged in an altercation with

another inmate who he claimed owed him money. Owens initially denied involvement in this altercation despite video evidence showing otherwise. Further, while jail officials were investigating the altercation, Owens proceeded to verbally abuse and intimidate one of the jail officers. Specifically, Owens yelled obscenities at the officer, exposed himself to the officer, gave the officer vulgar and explicit directions, and angrily walked toward the officer when instructed to step back. In addition, the next day, Owens made a threat to the same officer involving the officer's girlfriend. Approximately one month later, Owens again engaged in a physical altercation with the same fellow inmate who was involved in the prior altercation. Owens did not show any remorse for either altercation, but explained that "someone is not going to punk me out." Appellant's App. Vol. II Confidential, p. 68.

[15] As for Owens's character, the record reveals that Owens has a criminal history that includes juvenile adjudications, misdemeanor and felony convictions, and numerous prior probation violations. Owens's contact with the criminal justice system dates back to when he was approximately eight years old. He had numerous interactions with the criminal justice system as a juvenile, including at least one juvenile adjudication. As an adult, Owens has been charged with and convicted of felony sexual battery with a victim who was mentally disabled or deficient or was otherwise unable to consent and Class A misdemeanor resisting law enforcement.

[16] In addition, previous requests for leniency in the form of drug treatment have not been successful. Owens's criminal history also includes numerous

probation violations. It is also of note that probation would not seem to be a viable alternative for Owens given that he committed one of the instant offenses, the Level 6 felony escape charge, by cutting off his home detention monitor because "he just wanted to do his backup time." Appellant's App. Vol. II Confidential, p. 68.

[17] Owens's criminal history indicates that he has not only a disdain for the criminal justice system, but also a disdain for the rights and safety of others. The trial court specifically noted this disdain for the rights and safety of others, finding that Owens was an extreme danger to both himself and the community. Moreover, the Ripley County Probation Department indicated that a risk assessment of Owens placed him "in the VERY HIGH risk category to reoffend." Appellant's App. Vol. II Confidential, p. 69. Further, we are unconvinced by Owens's apparent attempt to justify his actions by claiming that he "still suffers from the impetuousness of youth." Appellant's Br. p. 9. Given the totality of the facts and circumstances before us in this consolidated appeal, we conclude that Owens has failed to prove that his sentence is inappropriate in light of the nature of his offenses and his character.

[18] The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.