## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2017, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cedric L. Edwards,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 24, 2017

Court of Appeals Case No.
02A04-1701-CR-31

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1607-F6-786

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Cedric L. Edwards was arrested on July 10, 2016, after he was found in possession of a hypodermic needle. On July 14, 2016, Edwards was charged with Level 6 felony possession of a syringe. Edwards subsequently entered into an agreement with Appellee-Plaintiff the State of Indiana ("the State") under the terms of which it was agreed that Edwards would plead guilty in exchange for being placed in Allen County's drug court program. It was further agreed that upon Edwards's successful completion of the drug court program, the State would move to vacate Edwards's guilty plea and dismiss the Level 6 felony charge. Edwards, however, failed to successfully complete the drug court program.

[2] Given Edwards's failure to successfully complete the program, the State filed a petition to revoke Edwards's participation in the program, alleging that Edwards had committed multiple violations of the conditions and requirements of the program. Edwards admitted to the allegations contained within the State's petition, after which the trial court sentenced him to a two-year executed sentence. On appeal, Edwards contends that the two-year sentence imposed by the trial court is inappropriate in light of the nature of his offense and his character. We affirm.

# Facts and Procedural History

[3] Edwards was the subject of an active warrant on July 10, 2016, when law enforcement officers located him sitting in a van behind a hotel in Fort Wayne. The probable cause affidavit supporting Edwards's arrest indicates that while the law enforcement officers were speaking to Edwards, they observed him "frantically dig his left hand into his left front pants pocket and retrieve a hypodermic needle." Appellant's App. Vol. II – Confidential, p. 12. Hypodermic needles, like the one found in Edwards's possession, are frequently used to inject narcotics into the body. Edwards was subsequently placed under arrest for both his possession of the hypodermic needle and the active warrant.

[4] On July 14, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Edwards with Level 6 felony unlawful possession of a syringe. On August 1, 2016, Edwards pled guilty to the Level 6 felony possession charge after he and the State entered into a drug court participation agreement. Pursuant to the terms of this agreement, Edwards agreed to (1) plead guilty to the Level 6 felony possession charge; (2) complete all requirements of the drug court program; (3) appear in court when instructed, obey all laws and maintain good behavior; and (4) reside in a transitional-living facility. In exchange, the State agreed that upon Edwards's successful completion of the drug court program, it would move to have Edwards's guilty plea vacated and to dismiss the Level 6 felony possession charge.[1]

---

[1] The agreement also covered a misdemeanor charge stemming from Cause Number 02D05-1604-CM-1435. Edwards does not include any argument relating to this other charge in the instant appeal.

[5]     Edwards began his participation in the drug court program on August 1, 2016, and was released from custody on August 3, 2016. On August 8, 2016, Edwards failed to appear for a drug court status hearing. A warrant was thereafter issued for his arrest. Edwards was arrested on this warrant on September 8, 2016, and was released from incarceration on September 30, 2016. On October 4, 2016, Edwards failed to return to the Potter's House, the transitional-living facility at which he was to reside. On October 11, 2016, Edwards again failed to appear for a scheduled court proceeding. In addition, on October 12, 2016, while still enrolled in the drug court program, Edwards was arrested for resisting law enforcement, unlawful possession of a syringe, and visiting a common nuisance.

[6]     As a result of Edwards's violations of the drug court participation agreement, on October 17, 2016, the State filed a verified petition to terminate Edwards's participation in the drug court program. The trial court conducted a hearing on the State's petition on October 18, 2016. During this hearing, Edwards admitted to the allegations contained in the State's petition. The trial court granted the State's petition and set the matter for sentencing.

[7]     The trial court conducted a sentencing hearing on December 2, 2016. At the conclusion of this hearing, the trial court sentenced Edwards to a two-year term, all of which was to be executed in the Department of Correction. This appeal follows.

# Discussion and Decision

[8]     Edwards contends that his two-year executed sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[9]     The facts relating to the instant matter demonstrate that on July 10, 2016, Edwards was found to be in possession of a syringe in violation of Indiana law. As the State concedes, the record reveals "nothing particularly aggravating about the nature of [Edwards's] offense." Appellee's Br. p. 9.

[10]    Edwards's character, on the other hand, aptly demonstrates the appropriateness of his two-year executed sentence. Edwards was thirty years old at the time of sentencing. His criminal history includes both prior felony and misdemeanor convictions as well as juvenile adjudications. Edwards's felony convictions include convictions for two counts of strangulation, resisting law enforcement, and possession of cocaine or narcotic drug. His misdemeanor convictions include convictions for possession of marijuana, battery, four counts of resisting

law enforcement, invasion of privacy, and two counts of visiting a common nuisance.[2] Edwards's juvenile adjudications include adjudications for battery, resisting law enforcement, disorderly conduct, and possession or use of a legend drug. Edwards's criminal history also includes numerous probation violations.

[11] Edwards's criminal history indicates that he has not only a disdain for the criminal justice system, but also a disdain for the rights and safety of others. Moreover, the Allen County Probation Department indicated that a risk assessment of Edwards placed him in a "VERY HIGH" risk category to reoffend. Appellant's App. Vol. II – Confidential, p. 48. Edwards has failed to prove that his sentence is inappropriate in light of the nature of his offense and his character.[3]

[12] The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.

---

[2] The second of Edwards's visiting a common nuisance convictions was the charge connected to Cause Number 02D05-1604-CM-1435.

[3] We note that while Edwards mentions the aggravating and mitigating factors that the trial court considered in sentencing him, Edwards makes no argument that the trial court abused its discretion in sentencing him. Therefore, to the extent that Edwards intended to argue that the trial court abused its discretion in sentencing him, such claim is waived. *See Chappell v. State*, 966 N.E.2d 124, 132 n.7 (Ind. Ct. App. 2012) (providing that defendant's failure to develop an argument results in waiver).