## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 20 2017, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John M. Skorvanek, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 20, 2017 <br><br> Court of Appeals Case No. 58A01-1612-CR-2879 <br><br> Appeal from the Ohio Circuit Court <br><br> The Honorable James D. Humphrey, Judge <br> The Honorable Kimberly A. Schmaltz, Magistrate <br><br> Trial Court Cause No. 58C01-1206-CM-57 |

**Bradford, Judge.**

# Case Summary

On June 18, 2012, Appellant-Defendant John M. Skorvanek was observed driving away from the Rising Star Casino and Resort in an erratic fashion. Skorvanek was soon thereafter stopped by police. The police administered two field sobriety tests ("FSTs"), both of which Skorvanek failed. Skorvanek submitted to a portable breathalyzer test (a "PBT"), the results of which indicated that Skorvanek's blood alcohol content ("BAC") was above the legal limit. He subsequently submitted to a certified breath test, the results of which also indicated that Skorvanek's BAC was above the legal limit.

The next day, on June 19, 2012, Appellee-Plaintiff the State of Indiana ("the State") charged Skorvanek with Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class C misdemeanor operating a vehicle with a BAC over 0.08. The State also alleged that Skorvanek was a habitual offender. Following a bench trial, the trial court found Skorvanek guilty, merged the Class C misdemeanor charge into the Class A misdemeanor, found Skorvanek to be a habitual offender, and imposed an aggregate nine-year sentence.

On appeal, Skorvanek contends that his sentence is inappropriate in light of the nature of his offense and his character. Concluding otherwise, we affirm.

# Facts and Procedural History

[4]     On June 18, 2012, Skorvanek and a female companion were "cut off for drinking" at the Rising Star Casino and Resort. Tr. Vol. II, p. 12. Trisha Schwing, a Gaming Enforcement Agent employed by the Indiana Gaming Commission and stationed at the Rising Star Casino, then observed Skorvanek and his companion exit the casino and approach a minivan. As Skorvanek's companion "got into" the minivan, Skorvanek "opened the back of the minivan and pulled a cooler out and opened a couple of beers and then got into" the minivan and drove away. Tr. Vol. II, p. 12. Schwing then "called Ohio County dispatch and advised them" of what she had observed. Tr. Vol. II, p. 13.

[5]     Rising Sun Police Sergeant Frank McIntosh observed as the minivan in question[1] "was leaving the casino property and entering State Route 56." Tr. Vol. II, p. 15. Sergeant McIntosh observed the minivan "swerving in and out of the lane" and driving "halfway on the right shoulder [*i.e.*, the emergency lane] of the highway." Tr. Vol. II, pp. 15, 16 (bracketed information added). Sergeant McIntosh observed the minivan for "about a quarter of a mile," watching it travel "back and forth from the centerline over to the right shoulder." Tr. Vol. II, p. 16. Just as Sergeant McIntosh activated his lights, the driver of the minivan "made a left turn into a driveway at a residence." Tr. Vol.

---

[1] Sergeant McIntosh identified the minivan by both the vehicle's color and license plate number.

II, p. 16. At the time, Sergeant McIntosh was familiar with the individuals who lived at the residence and knew that they did not own a similar minivan.

[6] Skorvanek then exited the vehicle, at which time Sergeant McIntosh observed that Skorvanek, and not his female companion, had been driving the minivan. As Skorvanek was approaching the residence, Sergeant McIntosh "spoke with [Skorvanek], asked him where he was going." Tr. Vol. II, p. 17. Skorvanek "came back and kind of used the van to lean on." Tr. Vol. II, p. 17.

[7] Sergeant McIntosh and Skorvanek "met about halfway" between the residence and the minivan. Tr. Vol. II, p. 17. From his position about four feet from Skorvanek, Sergeant McIntosh could smell "a strong odor of alcoholic beverages coming from [Skorvanek's] person." Tr. Vol. II, p. 17. About this time, Rising Sun Police Officer Wayne Siekman arrived on the scene. When Officer Siekman approached Skorvanek, he could also "smell the odor of an alcoholic beverage coming from [Skorvanek's] person." Tr. Vol. II, p. 24.

[8] Officer Siekman administered two FSTs to Skorvanek, the "gaze nystagmus" and the "walk and turn" tests. Tr. Vol. II, p. 25. Skorvanek failed both tests. Officer Siekman did not administer the commonly used "one leg stand" test because Skorvanek reported that he had a broken rib and was not physically able to complete the test. Officer Siekman then administered a PBT to Skorvanek. Skorvanek registered a 0.119 BAC on this test. Skorvanek later submitted to a certified breath test, registering a 0.10 BAC.

[9]     On June 19, 2012, the State charged Skorvanek with Class A misdemeanor operating a vehicle while intoxicated endangering a person and Class C misdemeanor operating a vehicle with a BAC over 0.08. The State also alleged that Skorvanek was a habitual offender. Following a March 29, 2016 bench trial, at which Skorvanek was tried *in absentia*, the trial court (1) found Skorvanek guilty of Class A misdemeanor operating a vehicle while intoxicated endangering a person, (2) merged the Class C misdemeanor charge into the Class A misdemeanor charge, and (3) found that Skorvanek was a habitual offender.

[10]    The trial court conducted a sentencing hearing on November 4, 2016, after which the trial court took Skorvanek's sentence under advisement. On November 18, 2016, the trial court issued a sentencing order in which it sentenced Skorvanek as follows:

> 1. The Court considers the nature and the circumstances of the crime.
>
> 2. The Court considers the following aggravating factors pursuant to IC 35-38-1-7.1(a):
>         The Defendant's history of criminal or delinquent behavior: Defendant is a lifelong resident of the State of Ohio. He has at least 41 prior felony convictions and 24 misdemeanor convictions. He has served multiple sentence in the Ohio Department of Corrections. The PSI reports that he had been to prison on six different occasions. The Defendant was out on bail from the state of Kentucky and the State of Ohio when he committed the instant offense. Defendant has completely failed to comply with his conditions of pretrial release, including that he appear at all hearings before this Court unless otherwise

ordered by the Court.

3. The Court considers the following mitigating factors pursuant to IC 35-38-1-7.1(b):

A. The Court <u>does find</u> that the crime is the result of circumstances <u>likely</u> to reoccur based [upon] the Defendant's extensive criminal history and his lifelong history of drug and alcohol use and abuse.

B. The Court <u>does not</u> find the Defendant to be a candidate for probation and/or short term imprisonment. The PSI reiterates in detail the number of times the Defendant has been in jail, on probation and to the Department of Corrections. None of the prior 41 felony convictions, 24 misdemeanor convictions or sentences imposed for the same, or terms of prior probation have deterred the Defendant from committing new crimes.

The Court further finds the Defendant is not an appropriate candidate for community corrections. He does not reside in this state, has significant criminal history, has failed to appear before this Court as ordered, and the Defendant has shown complete disdain to this Court as evidenced by Defendant's statement at sentencing when he said "I run. That is what I do." The Court has good reason to believe he would continue to ignore and/or disregard the Court's orders. In addition, the Court considers the need to obtain a Governor's Warrant to secure his attendance at sentencing.

C. Defendant is currently employed as a caregiver. The Court considers Defendant's employment to be a mitigating factor. The Court does not give significant weight to this mitigator.

D. The Defendant is an intelligent person. By his own testimony, he has over 6 years of college. He has been in AA for decades. He has been a sponsor for other addicts. He continues to make poor choices and decisions that create significant risk and danger to himself and others in the community.

4. The Court finds that the Defendant has significant aggravating

factors and few mitigating factors.

The Court now sentences the Defendant, John M. Skorvanek, as follows:

1.  Defendant, John M. Skorvanek, is hereby sentenced to 365 days with 0 days suspended to probation for Operating a Motor Vehicle While Intoxicated endangering a person, a Class A Misdemeanor with an additional 8 years for the Habitual Substance Offender enhancement pursuant to I.C. 35-50-2-10. Pursuant to I.C. § 35-38-3-3(b)(3), Defendant shall serve his sentence in the Indiana Department of Correction.

2.  Defendant shall receive credit for 62 days previously served plus 62 days of good time credit for a total of 124 days.  This credit is calculated as of November 18, 2016.

Appellant's App. Vol. II – Confidential, pp. 107-08 (underlining in original).[2]

This appeal follows.

# Discussion and Decision

On appeal, Skorvanek contends that his aggregate nine-year sentence for operating a vehicle while intoxicated endangering a person and being a habitual offender is inappropriate.  In challenging the appropriateness of his sentence, Skorvanek asserts that his sentence is inappropriate because "[a] nine-year sentence stands as a harsh punishment given the relatively minor nature of the

---

[2]  Additional portions of the sentencing order which outline certain fees and are not relevant to the term of years imposed by the trial court have been intentionally omitted from this memorandum decision.

underlying offense and the fact that Mr. Skorvanek suffers from a treatable drug addiction." Appellant's Br. p. 10. Skorvanek's assertion, however, ignores the fact that Skorvanek's failure to seek treatment or refrain from criminal activity, as evidenced in part by his significant criminal history, demonstrates an unwillingness to change his behavior and conform to the laws of Indiana and her neighboring states. In fact, Skorvanek's actions more accurately demonstrate a complete disdain for the laws of this state and nation, as well as the safety of those around him.

[12] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[13] With respect to the nature of Skorvanek's offense, the record reveals that Skorvanek continued drinking after having been denied service from casino staff due to his obvious intoxication. In doing so, Skorvanek endangered himself, his companion, and the other motorists around him by operating a

vehicle while under the influence of alcohol. The penalty imposed for this act was one year. The remaining eight years of Skorvanek's sentence were imposed in connection to Skorvanek's status as a habitual offender. Skorvanek does not dispute the fact that he qualified as a habitual offender or argue that the eight years imposed in connection to his habitual offender status was unlawful.

[14] As for Skorvanek's character, the record reveals that Skorvanek has a criminal history that includes a surprising number of both misdemeanor and felony convictions. In fact, Skorvanek's criminal history includes twenty-four misdemeanor convictions and forty-one felony convictions. Skorvanek's criminal history also includes numerous prior probation violations. Despite the fact that Skorvanek has been to prison on at least six different occasions, he has failed to refrain from continued criminal behavior. He also has apparently failed to benefit from prior attempts at rehabilitation or "decades" long membership in Alcoholics Anonymous. Appellant's App. Vol. II – Confidential, p. 108.

[15] In addition, Skorvanek was out on bail awaiting trial in both Ohio and Kentucky at the time he committed the underlying offense. It also reflects poorly on Skorvanek's character that he failed to comply with the terms of his pre-trial release, specifically that he failed to appear for hearings and trial and that the trial court had to obtain a Governor's Warrant in order to secure Skorvanek's attendance at sentencing. Skorvanek also displayed disdain for the trial court's authority, explaining his failure to appear before the trial court by

saying "I run. That is what I do." Appellant's App. Vol. II – Confidential, p. 108. Moreover, the Ohio County Probation Department indicated that a risk assessment of Skorvanek placed him "in the MODERATE risk category to re-offend." Appellant's App. Vol. II – Confidential, p. 97. Upon review, we conclude that Oliver has failed to prove that his sentence is inappropriate in light of the nature of his offenses and his character.

[16] The judgment of the trial court is affirmed.


Najam, J., and Riley, J., concur.