Filemon SANCHEZ, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A03–0712–CR–611.

Court of Appeals of Indiana.

Aug. 4, 2008.

---

Marielena Lindke, South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 35–48–4–1 provides dealing in cocaine is a Class A felony "if the amount of the drug involved weighs three (3) grams or more." "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Ind.Code § 35–50–2–4.

## OPINION

MAY, Judge.

Filemon Sanchez appeals his sentence of forty years in the Indiana Department of Correction for Class A felony dealing in cocaine.[1] Sanchez argues the sentence is inappropriate based on his character and the nature of his offense.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Sanchez is an illegal alien from Mexico who has lived in Elkhart for two years. On four occasions between April 9, 2007, and April 25, 2007, Sanchez sold cocaine to an undercover officer from the Elkhart County Interdiction and Covert Enforcement Unit. On each occasion he sold over three grams, making each sale a Class A felony.

Sanchez was arrested after the fourth sale and charged with four counts of Class A felony dealing in cocaine. Sanchez agreed to plead guilty to Count IV, and the State agreed to dismiss the remaining three counts. His sentence would be capped at forty years executed and any other terms would be left to the trial court.

On November 8, 2007, the trial court sentenced Sanchez to forty years imprisonment. The trial court found Sanchez's status as an illegal alien an aggravator. It found Sanchez's lack of criminal history and his willingness to accept responsibility were mitigators.

### DISCUSSION AND DECISION

Sentencing decisions are within the trial court's discretion. *Anglemyer v.*

*State,* 868 N.E.2d 482, 488 (Ind.2007), *clarified on reh'g on other grounds* 875 N.E.2d 218 (Ind.2007). We review sentences for an abuse of discretion. *Stout v. State,* 834 N.E.2d 707, 710 (Ind.Ct.App.2005). We give deference to the trial court's decision, recognizing the special expertise of the trial court in making sentencing decisions. *Barber v. State,* 863 N.E.2d 1199, 1208 (Ind.Ct.App.2007), *trans. denied.* The defendant bears the burden of persuading us the sentence is inappropriate. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind.Ct.App. 2007).

■ We may revise a sentence if it is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B). "We will assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed ... was inappropriate." *Gibson v. State,* 856 N.E.2d 142, 147 (Ind. Ct.App.2006). In light of the court's assessment of aggravators and mitigators, we cannot say Sanchez's sentence of ten years more than the advisory sentence was inappropriate.

The court found Sanchez's status as an illegal immigrant an aggravator. Sanchez admitted he is an illegal alien. *See Willoughby v. State,* 552 N.E.2d 462, 470 (Ind. 1990) (a defendant's unadjudicated criminal activity may be considered if it is brought up and the defendant does not object to it). In *Samaniego–Hernandez v. State,* we said:

> [B]eing an illegal alien is itself more properly viewed as an aggravator than as a mitigator. *See, e.g., Yemson v. United States,* 764 A.2d 816, 819 (D.C. 2001) (in sentencing a criminal defendant, court cannot treat defendant more harshly than any other citizen solely due to his national origin or alien status, but that does not mean that court must close

its eyes to defendant's illegal alien status *and disregard for the law, including immigration laws*).

839 N.E.2d 798, 806 (Ind.Ct.App.2005) (emphasis supplied). The trial court found Sanchez's illegal alien status reflects disregard for the law. "The defendant is in this country illegally; he gained entrance into this country illegally, and every day he spends here, he is violating the laws of this country." (Sent. Tr. at 9.) Based on the language in *Samaniego–Hernandez,* Sanchez's illegal alien status is a valid aggravator.

The court found Sanchez's lack of criminal history a mitigating circumstance. *See Beck v. State,* 790 N.E.2d 520, 522 (Ind.Ct. App.2003) (leniency is encouraged toward a defendant who does not have a criminal history). The court also found Sanchez's guilty plea was a mitigator because it saved the court system time and money. "Generally, a defendant's guilty plea is entitled to some mitigating weight, although the amount of such weight may vary from case to case.... 'A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State....' " *Gibson,* 856 N.E.2d at 148. However, the court found Sanchez's willingness to accept responsibility was not significant because Sanchez received a substantial benefit from the plea agreement. *See Roney v. State,* 872 N.E.2d 192, 206 (Ind.Ct.App.2007) (when a defendant receives a benefit in exchange for the guilty plea the weight of the plea as a mitigator is lessened). Therefore, the court properly declined to accord significant weight to Sanchez's plea.

Sanchez argues the sentence is inappropriate in light of his character. He notes his lack of criminal history and his gainful employment reflect positively on his character. However, as the trial court properly noted, he is an illegal alien and his daily

disregard for the laws of this country also speaks to his character. The State noted Sanchez was using an invalid social security number, which he could have obtained only through fraudulent means. Sanchez has not been leading a law abiding life. *See Alexander v. State*, 837 N.E.2d 552, 556 (Ind.Ct.App.2005) (Alexander's Indiana drivers license could have been obtained only by presenting false documentation and that demonstrates his disregard for the laws of this country), *disapproved on other grounds by Ryle v. State*, 842 N.E.2d 320, 323 n. 5 (Ind.2005), *cert. denied* — U.S. —, 127 S.Ct. 90, 166 L.Ed.2d 63 (2006).

The court specifically noted the amount of cocaine sold was not a factor in sentencing because it is an element of the offense. Nor did it note anything else about Sanchez's crime to distinguish it from a typical dealing in cocaine offense. Although the nature of Sanchez's offense is not remarkable, Sanchez's character supports the enhancement of his sentence. We find his sentence appropriate.

Affirmed.[2]

VAIDIK, J., and MATHIAS, J., concur.

---

2. The record does not reflect whether Sanchez was advised of his consular rights. We note Judge Mathias's concurring opinion in *Alexander*:

Under the Vienna Convention, a foreign national who has been arrested, imprisoned, or taken into custody must be informed of his right to contact the consular officers of his country. *See Zavala v. State*, 739 N.E.2d 135, 139 (Ind.App.2000), *trans. denied*. The United States is a signatory to the Vienna Convention.

... While this Vienna Convention right to contact a consular officer is an important right that should not be ignored under any circumstance, failure to inform a defendant of his or her Vienna Convention right is particularly egregious in cases such as the one before us, where risk of conviction of the charged crime carries such a high penalty.

837 N.E.2d at 557–58.