Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RASHAD A. BENTLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1106-CR-288 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Mary Margaret Lloyd, Judge
Cause No. 82D02-1006-FA-631

**February 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant/Defendant Rashad A. Bentley appeals following his convictions for Class C felony Battery with a Deadly Weapon[1] and Class D felony Criminal Recklessness.[2] On appeal, Bentley challenges the appropriateness of his sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

In the early morning of June 18, 2010, Bentley fought with Sean Finn at Scores Night Club in Evansville. John Arnold and Scott Henze, security officers at the club, separated Bentley and Finn, with one taking Bentley to the back of the club and another taking Finn outside. Henze described Bentley as "non-compliant[,]" "still aggressive[,]" and "still trying to fight." Tr. p. 355. Bentley broke away from Henze, ran to the front door, exited into the parking lot, and retrieved a gun from a white SUV. Bentley approached Finn, who was unarmed, and "hit [him] with the butt of the gun." Tr. p. 418. Bentley pointed the gun at Finn's head. Bentley fired "two or three" shots at Finn, striking him on the left side of his head and in his right lower leg. Tr. p. 424. A bullet also struck Timothy Sutton, a security officer at the club, in the leg. After firing the shots, Bentley "jumped" into the white SUV and drove away. Tr. p. 426. Bentley subsequently turned himself into police.

On June 21, 2010, the State charged Bentley with one count of Class A felony attempted murder and one count of Class D felony criminal recklessness. On January 13, 2011, the State added an additional charge of Class C felony battery with a deadly weapon. Following a four-day jury trial, the jury found that Bentley was guilty of Class C felony

---

[1] Ind. Code § 35-42-2-1(a)(3) (2009).

[2] Ind. Code §§ 35-42-2-2(B)(1) and (c)(2)(A) (2009).

2

battery with a deadly weapon and Class D felony criminal recklessness, but not guilty of Class A felony attempted murder. In accordance with the jury's verdicts, the trial court entered a judgment of conviction on the Class C felony battery with a deadly weapon and Class D felony criminal recklessness charges on March 7, 2011. On April 7, 2011, the trial court sentenced Bentley to an aggregate eight-year executed sentence. This belated appeal follows.

## DISCUSSION AND DECISION

In arguing that his eight-year executed sentence is inappropriate, Bentley contends that because his actions cannot be labeled as "the worst of the worst," he should have been sentenced to four years, with two years suspended to probation. Appellant's Br. p. 10. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). We cannot, however, agree that Bentley's sentence is inappropriate.

With respect to the nature of his offense, Bentley argues that the eight-year executed sentence is inappropriate because his actions do not constitute the "worst of the worst." Appellant's Br. p. 10. While we may be able to imagine a worse factual pattern, the record demonstrates that Bentley's actions were very dangerous. Bentley engaged in an unprovoked altercation in a bar with Finn and, despite several opportunities to avoid escalating the

3

situation, followed Finn into the crowded parking lot, retrieved a gun, pointed the gun at Finn's head, and fired at least two shots, injuring both Finn and an innocent bystander.

With respect to his character, Bentley argues that the eight-year executed sentence is inappropriate because he has a relatively minor criminal history. Bentley's criminal history includes just two misdemeanor convictions for illegal consumption of an alcoholic beverage and trespass. Bentley has never been placed on probation, but he failed to successfully complete a court-ordered youth alcohol program. In addition, Bentley did not graduate from high school or obtain his GED, and he has never been gainfully employed.

Like the trial court, we acknowledge that Bentley does not have a substantial criminal history, but note that his criminal actions appear to be escalating in nature. In the instant matter, Bentley decided to escalate the situation by retrieving a gun and shooting it, in a crowded parking lot, at another's head, injuring both that person and an innocent bystander. These actions portray a very serious offense and do not reflect positively on Bentley's character. Therefore, in light of the highly dangerous nature of Bentley's criminal actions, we must conclude that the trial court's order imposing an eight-year executed sentence is wholly appropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.