**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Sep 26 2012, 9:14 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRIS M. TEAGLE**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN J. HIRST, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 05A05-1204-CR-215 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE BLACKFORD SUPERIOR COURT
The Honorable J. Nicholas Barry, Judge
Cause No. 05D01-1111-FD-450

**September 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Steven J. Hirst appeals the sentence imposed by the trial court following his guilty plea to and conviction for Class D felony possession of a controlled substance.[1]  Specifically, Hirst contends that his sentence is inappropriate.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On or about November 18, 2011, Hirst knowingly or intentionally possessed morphine, a controlled substance.[2]  Also on November 18, 2011, the State charged Hirst with one count of Class D felony unlawful possession of a syringe, one count of Class D felony possession of a controlled substance, and one count of Class A misdemeanor possession of paraphernalia.  On February 21, 2012, the parties entered into a plea agreement by which Hirst agreed to plead guilty to possession of a controlled substance in exchange for the State agreeing to dismiss the remaining charges.  The trial court accepted Hirst's guilty plea and conducted a sentencing hearing on March 21, 2012, at which the court sentenced Hirst to a two-year term.  This appeal follows.

## DISCUSSION AND DECISION

On appeal, Hirst challenges his sentence by claiming that it is inappropriate in light of the nature of his offense and his character.  Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the

---

[1]  Ind. Code § 35-48-4-79(a) (2011).

[2]  We note that Hirst failed to include a copy of the transcript of the February 21, 2012 guilty plea hearing in the record on appeal.  We therefore state the facts as presented in the charging information relating to the charge to which Hirst pled guilty.

offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Hirst's offense, the record demonstrates that Hirst possessed morphine, a controlled substance, without a prescription. While this act alone may not be particularly egregious, the record further reflects that Hirst had a long history of substance abuse. In addition, the morphine was stored in a manner which would allow for quick and easy use of the drug and Hirst admitted to the investigating officer that he had recently injected morphine.

With respect to Hirst's character, the record demonstrates that Hirst had amassed a substantial criminal history, which included felony convictions for theft and operating a vehicle while intoxicated as well as misdemeanor convictions for resisting law enforcement, operating a vehicle in a manner that endangers a person, operating a vehicle with an alcohol concentration equivalent ("ACE") of 0.15 or more, carrying a handgun without a license, and criminal conversion. Hirst had previously had his probation revoked and was on probation under an unrelated cause number at the time the present offense was committed. Hirst argues that his desire to financially support and be a good father to his children and the amount of support shown to him by his family reflects positively on his character. While we commend Hirst for his desire to be a good father to his children, we also note that at the time he committed the instant offense, Hirst was using drugs, unemployed, and not providing any financial support to his children. Furthermore, while we do not dispute Hirst's family's claim

3

that he is a "good guy" when he is not using drugs, we observe that the record reflects that prior attempts to treat his substance abuse have been unsuccessful and, as the trial court found, Hirst's current claims that he is ready to "stay clean" appear unconvincing. Tr. pp. 7, 9. Thus, in light of Hirst's history of substance abuse, criminal history and prior failure to respond positively to probation, we cannot say that his two-year sentence in inappropriate.

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.