**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 22 2014, 10:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY RIFFERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1310-CR-460 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-1207-FD-396

**May 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On July 16, 2012, Appellant-Defendant Jeremy Riffert operated a motor vehicle while his driving privileges were suspended due to his status as a habitual traffic violator ("HTV"). On July 17, 2012, Appellee-Plaintiff the State of Indiana (the "State") charged Riffert with Class D felony operating a vehicle as a HTV. On August 2, 2013, Riffert pled guilty to Class D felony operation a vehicle as a HTV. Following a sentencing hearing, the trial court sentenced Riffert to a term of 800 days to be served in the Indiana Department of Correction ("DOC"). On appeal, Riffert contends that his 800-day sentence is inappropriate in light of the nature of his offense and his character. We affirm.

**FACTS AND PROCEDURAL HISTORY**

The factual basis entered during the June 21, 2013 guilty plea hearing provides that on July 16, 2012, Riffert operated a motor vehicle while his driving privileges were suspended due to his status as a HTV. On July 17, 2012, the State charged Riffert with Class D felony operating a vehicle as a HTV. The State also charged Riffert with Class A misdemeanor invasion of privacy, alleging that Riffert occupied a vehicle with a protected person in violation of a valid protective order. On August 2, 2013, Riffert pled guilty to Class D felony operation a vehicle as a HTV. In exchange for Riffert's plea, the State agreed to dismiss the invasion of privacy charge. The trial court accepted Riffert's plea and entered a judgment of conviction on the Class D felony operating a vehicle as a HTV charge. Following a sentencing hearing, the trial court sentenced Riffert to a term of 800 days to be served in the DOC. This appeal follows.

2

**DISCUSSION AND DECISION**

Riffert contends that his 800-day sentence is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Riffert's offense, the record demonstrates that Riffert knowingly operated a vehicle while his driving privileges were suspended. With regard to his character, the record demonstrates that Riffert's criminal history includes a felony conviction for theft and numerous felony convictions for possession of marijuana. Riffert's criminal history also includes misdemeanor convictions for operating a vehicle while intoxicated endangering a person and possession of marijuana, as well as numerous misdemeanor convictions for driving while suspended. Riffert's criminal history further indicates that Riffert has violated the terms of his probation on numerous occasions. Riffert has previously been incarcerated, yet has failed to modify his behavior and live a law-abiding life. Riffert's criminal history, coupled with his failure to reform his unlawful behavior, reflects poorly on his character.

Moreover, while Riffert accepted responsibility for his actions and pled guilty, we observe that he received a benefit, *i.e.*, the dismissal of an additional charge, in exchange for his guilty plea. As such, we believe that Riffert's decision to plead guilty more accurately

3

represents a tactical decision than an indicator of positive character.

In arguing that his 800-day sentence is inappropriate, Riffert acknowledges that his sentence is less than the three-year maximum permitted under Indiana's sentencing guidelines, *see* Ind. Code § 35-50-2-7, but argues that an advisory sentence of one and one-half years would be more appropriate.[1] We note, however, that our standard of review on appeal is not whether a different sentence would be more appropriate but rather whether that imposed by the trial court was inappropriate. Here, taking the facts relating to the nature of Riffert's offense and his character into consideration, we conclude that Riffert has failed to prove that his 800-day sentence is inappropriate.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.

---

[1] By our calculations, 800-days equals approximately two and two-tenths years.