## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 10 2017, 9:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen L. Deverick, *Appellant-Defendant,* | August 10, 2017 |
| v. | Court of Appeals Case No. 84A01-1703-CR-648 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable John T. Roach, Judge |
| | Trial Court Cause No. 84D01-1608-F4-2161 |

**Bradford, Judge.**

# Case Summary

[1]     On August 5, 2016, Appellant-Defendant Stephen L. Deverick intentionally set a home on fire while three individuals were inside.  On August 16, 2016, Appellee-Plaintiff the State of Indiana charged Deverick with two counts of Level 4 felony arson and one count of Level 6 felony arson.   On January 20, 2017, Deverick pled guilty to one count of Level 4 felony arson in exchange for dropping the other counts and capping his sentence at ten years.  On February 28, 2017, the trial court sentenced Deverick to ten years of incarceration. Deverick contends that his sentence is inappropriate in light of the nature of the offense and his character.  Because we disagree, we affirm.

# Facts and Procedural History

[2]     On August 5, 2016, Deverick set fire to a residence in Vigo County, Indiana. The fire occurred in the early hours of the morning.  None of the three individuals inside of the home were injured, but the fire caused a total loss of the home.  On August 16, 2016, the State charged Deverick with three counts, including:  Count I, Level 4 felony arson; Count II, Level 4 felony arson, and; Count III, Level 6 felony arson.

[3]     On January 20, 2017, a plea agreement was filed with the trial court.  Pursuant to the agreement, Deverick agreed to plead guilty to Level 4 felony arson, as charged in Count I.  In exchange for his plea, the other charges were dropped and Deverick's sentence was capped at ten years.  After hearing testimony and

arguments from counsel, the trial court sentenced Deverick to ten years of incarceration on February 28, 2017.

# Discussion and Decision

[4] Under Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing such claims, we "concentrate less on comparing the facts of the [case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentence, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotes and citations omitted). Deverick, as the defendant, bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). As mentioned, Deverick was sentenced to ten years of incarceration, two years below the statutory maximum for Level 4 felonies.

[5] With respect to the nature of the offense, Deverick intentionally set fire to an inhabited home in the early hours of the morning and made no attempt to warn the individuals in the home or call for help. "The nature and circumstances of this crime are frightening and [Daverick] walked across the street and watched" the fire burn. Tr. p. 31. The fact that none of the occupants were injured or killed is "sheer dumb luck." Tr. p. 31. Moreover, Deverick's actions destroyed

a home that had been in the family over fifty years, leaving one of the victims without the resources to recoup her loses. In light of this, the nature of the offense is deplorable.

[6] As for his character, Deverick has an extensive history of arrests and contacts with the criminal justice system over a period of twenty-five years. While Deverick suggests that his criminal history is predominately due to his struggle with addiction, there is no evidence in the record beyond Deverick's claim during sentencing. Moreover, his criminal history includes numerous crimes involving aggression, violence, and dishonesty.

[7] The fact that Deverick pled guilty and took responsibility for his actions from the outset are mitigating factors; however, they do not outweigh Deverick's significant criminal history and the harm that he has caused his victims. Based upon the above-mentioned evidence, we conclude that Deverick failed to establish that his sentence is inappropriate in light of his character and the nature of his offense.

[8] We affirm the trial court's judgment.

May, J., and Barnes, J., concur.