## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 08 2017, 10:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ace Michaels,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 8, 2017

Court of Appeals Case No.
73A01-1705-CR-1061

Appeal from the Shelby Superior Court

The Honorable David N. Riggins, Judge

Trial Court Cause Nos.
73D02-1605-F6-180
73D02-1605-F6-190

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant Ace Michaels pled guilty to Level 6 felony criminal confinement and Level 6 felony failure to register as a sex offender. The trial court sentenced Michaels to 730 days executed for the criminal confinement conviction and 365 days suspended for failure to register as a sex offender. The sentences were ordered to be served consecutively.

[2]     Michaels raises the following restated issues: 1) whether the trial court abused its discretion in ordering consecutive sentences and 2) whether Michaels's sentence is inappropriate in light of the nature of his offenses and character. Because the trial court did not abuse its discretion and Michaels's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[3]     Michaels moved in with L.L. and L.L.'s three-year-old grandson in May of 2016 in exchange for some him completing work around her house. On May 10, 2016, L.L. became angry because Michaels returned to the house very intoxicated. When L.L.'s anger became evident, Michaels responded by running towards L.L. screaming and cursing. App. Vol. II, p. 17. L.L. attempted to leave with her grandson but was stopped when Michaels slammed the front door closed, punched L.L. in the stomach, and slapped her across the face. L.L was eventually able to get away from Michaels with her grandson and called the police from a neighbor's house.

[4] The State subsequently charged Michaels with criminal confinement, intimidation, and battery in cause number 73D02-1605-F6-180 ("Cause 180"). Michaels is also a convicted sex offender in Illinois and is required to register as a sex offender in Indiana. Because Michaels failed to register his address as required, the State charged Michaels with Level 6 felony failure to register in cause number 73D02-1605-F6-190 ("Cause 190"). On March 13, 2017, Michaels pled guilty to Level 6 felony criminal confinement in Cause 180 and to failing to register as a sex offender in Cause 190.

[5] The trial court sentenced Michaels to 730 days of incarceration in Cause 180 on April 10, 2017. That same day, in Cause 190, the trial court sentenced Michaels to one year, all suspended to probation. The trial court ordered that the sentence for Cause 190 be served consecutively to the sentence for Cause 180.

# Discussion and Decision

[6] Michaels argues that the trial court abused its discretion when it ordered him to serve his sentences consecutively. Additionally, Michaels argues that his sentence is inappropriate in light of the nature of his offense and character.

## I.     Abuse of Discretion

[7] We begin by noting that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on*

*reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

[8]     *Id.* at 490-91. "The decision to impose consecutive sentences lies within the discretion of the trial court. However, a trial court is required to state its reasoning for imposing consecutive sentences. In order to impose consecutive sentences, a trial court must find at least one aggravating circumstance." *McBride v. State*, 992 N.E.2d 912, 919 (Ind. Ct. App. 2013).

[9]     In claiming that the trial court abused its discretion in sentencing him, Michaels argues that the trial court improperly balanced the aggravating and mitigating circumstances. This is a request for us to reweigh the aggravators and mitigators which we will not do. *See Anglemyer*, 868 N.E.2d at 491. Moreover,

based upon a review of the record, there was ample evidence to support the trial court's findings.

[10] The trial court found that Michaels's criminal history was an aggravating circumstance, which justified the consecutive sentences. Specifically, the trial court said that Michaels has "past criminal history [that] haunts" him. Tr. p. 33. This aggravating circumstance alone was sufficient to justify Michaels's consecutive sentences. *See Anglemyer,* 868 N.E.2d at 491. Therefore, the trial court did not abuse its discretion in sentencing Michaels to consecutive sentences.

## II.     Appropriateness of Sentence

[11] Under Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing such claims, we "concentrate less on comparing the facts of the [case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentence, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotes and citations omitted). Michaels, as the defendant, bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). Michaels received approximately two years executed and one year suspended for his two Level 6

felony convictions. This sentence is significantly shorter than the maximum six years of incarceration he could have potentially received for the two convictions.

[12] With respect to the nature of the offense, Michaels physically and verbally lashed out at his victim and confined her in a drunken rage. This violence occurred in the presence of the victim's three-year-old grandson. Michaels attempts to downplay his crimes by saying "the offense, although I understand was traumatic and everything, it ended up, it could have been a lot worse, I guess." Tr. p. 33. We do not believe that hitting and confining a victim in the presence of a young child should be downplayed.

[13] As for his character, Michaels has an extensive criminal history of convictions. Michaels's criminal history includes: being convicted of sexual abuse in Illinois, a registry-related conviction in Bartholomew County, a registry-related conviction in Illinois; a conviction for robbery in California, and an unlawful use of a deadly weapon conviction in Missouri. Michaels also has convictions for battery, invasion of privacy, resisting law enforcement, public intoxication, and criminal mischief.

[14] Michaels, however, argues that the trial court should have given more weight to the fact that he suffers from mental illness, he had a difficult childhood, and his efforts to seek treatment. This is a request for us to reweigh the aggravating and mitigating factors which we will not do. *See Anglemyer*, 868 N.E.2d at 491.

Based on the above-mentioned evidence of Michaels's character and nature of his offense, he has failed to establish that his sentence was inappropriate.

# Conclusion

After reviewing the record, we conclude that the trial court did not abuse its discretion when it ordered Michaels's sentences to run consecutively. We also conclude that Michaels failed to establish that his sentence was inappropriate in light of his character and the nature of his offense. Consequently, we affirm the trial court's judgment.

May, J., and Barnes, J., concur.