## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2018, 10:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph D. Gaunt
The Gaunt Law Office
Martinsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Craig Thacker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 25, 2018<br><br>Court of Appeals Case No.<br>55A01-1711-CR-2714<br><br>Appeal from the Morgan Superior Court<br><br>The Honorable Peter Foley, Judge<br><br>Trial Court Cause No.<br>55D01-1606-F6-792 |

**Bradford, Judge.**

# Case Summary

[1]    In May of 2016, Craig Thacker removed his electronic monitoring device and disappeared for four days. On June 1, 2016, the State charged Thacker with Level 6 felony escape and Class A misdemeanor theft and alleged him to be a habitual offender. On August 7, 2017, Thacker pled guilty to Level 6 felony escape in exchange for the dismissal of the theft charge and habitual offender allegation. On September 11, 2017, the trial court sentenced Thacker to a two-and-one-half-year executed sentence. Thacker contends that his sentence was inappropriate in light of the nature of his offense and his character. Concluding that Thacker's sentence was not inappropriate, we affirm.

# Facts and Procedural History

[2]    On May 11, 2016, Thacker was placed on home detention for fifty days following a drug conviction. During that period, Thacker was required to wear an electronic monitoring device. Approximately two weeks after being placed on home detention, Thacker was ordered by Morgan County Community Corrections ("community corrections") to report for a drug screening. After receiving that phone call, Thacker cut off the electronic monitoring device and mailed it to community corrections. Community corrections, however, never received the device.

[3]    Thacker subsequently disappeared for four days. After he was found, he was taken into custody and charged with Level 6 felony escape and Class A

misdemeanor theft and alleged to be habitual offender. Thacker pled guilty to the escape charge on August 7, 2017, in exchange for the dismissal of the theft charge and habitual offender allegation. During sentencing, the trial court found no mitigating circumstances, but did find the following aggravating circumstances: (1) Thacker recently violated the terms of his probation, (2) Thacker violated the terms of home detention, and (3) Thacker possessed a significant criminal history. Thacker's criminal record includes eleven misdemeanors, twelve felonies, and three juvenile delinquency adjudications. The trial court sentenced Thacker to two-and-one-half years in prison.

# Discussion and Decision

[4] The sole issue for our review is whether Thacker's two-and-one-half-year sentence is inappropriate in light of the nature of his offense and character. Under Indiana Appellate Rule 7(B), "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing such claims, we "concentrate less on comparing the facts of the [case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentence, and what it reveals about the defendant's character." *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (internal quotes and citations omitted). Thacker, as the defendant,

bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5] With respect to the nature of the offense, Thacker cut off his electronic monitoring device and disappeared for four days. The record shows that Thacker claimed that he had a "panic attack" that caused him to intentionally escape from home detention. Tr. Vol. I p. 24. The evidence also shows that Thacker knew he was required to go to a drug screen around the time that he escaped from home detention. While this escape is not the most egregious of crimes, it does show an intentional abuse of his home detention and an inability to respect the terms of his probation.

[6] As for his character, at age fifty, Thacker has amassed a significant criminal record. Thacker's criminal record includes eleven misdemeanors, twelve felonies, and three juvenile delinquency adjudications. The record shows that Thacker has received the benefit of probation, treatment, and short jail sentences in those previous cases, but continues to reoffend. In total, Thacker has been on probation nine times, violating the terms of his probation seven times. As for treatment, the record shows that Thacker has been enrolled in eight different programs for his drug use and has failed to complete approximately half of those programs. Despite Thacker's frequent contacts with the criminal justice system, he has not chosen to reform himself. Based on the above-mentioned evidence of Thacker's character and the nature of his offense, Thacker has failed to establish that his two-and-one-half-year sentence was inappropriate.

[7] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.