## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 10:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew R. Falk
Hendricks County Public Defender's Office
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ddrea Wayne Bostic,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 10, 2019

Court of Appeals Case No.
19A-CR-1383

Appeal from the Hendricks Superior Court

The Honorable Stephenie LeMay-Luken, Judge

Trial Court Cause No.
32D05-1904-F6-415

**Bradford, Judge.**

# Case Summary

In May of 2019, Ddrea Wayne Bostic pled guilty to Level 6 felony resisting law enforcement after leading officers on a bi-county automobile chase. In exchange for Bostic's plea, the State agreed to dismiss other charges. The trial court accepted Bostic's plea and sentenced him to serve 750 days in the Hendricks County Jail (the "Jail"). Bostic appeals, arguing that his placement in the Jail is inappropriate in light of the nature of his offense and his character. We affirm.

# Facts and Procedural History

On April 29, 2019, Bostic fled from federal placement in a halfway house. Bostic was eastbound on U.S. Route 36 in Hendricks County when Avon Police Officer Alexander Howell attempted to pull him over for a traffic violation. At the time, Officer Howell was driving a fully marked police vehicle and had activated his emergency lights and siren. Bostic did not stop and fled from Officer Howell, traveling into Marion County. Bostic entered and exited I-465 twice before reentering Hendricks County and continued to flee despite the police's unsuccessful use of "stop sticks." Appellant's App. Vol. II p. 11. Bostic eventually stopped and was taken into custody.

The next day, the State charged Bostic with Level 6 felony resisting law enforcement, Class C misdemeanor reckless driving, and Class C misdemeanor operating a motor vehicle without ever receiving a license. Bostic entered into a

plea agreement, by the terms of which he would plead guilty to the Level 6 felony charge, the State would dismiss the remaining Class C misdemeanor charges, and he would be sentenced to a term of 750 days. The plea agreement indicated that a decision relating to placement would be left to the trial court. The trial court accepted the plea agreement, entered judgment of conviction against Bostic on the Level 6 felony charge, and ordered that he serve his 750-day sentence in the Jail.

## Discussion and Decision

[4] Bostic contends that his executed 750-day sentence in inappropriate. Bostic does not challenge the length of his sentence but argues that appropriate placement would have been in community corrections rather than the Jail. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

As for the nature of his offense, Bostic argues that his sentence is inappropriate because his actions were not particularly egregious and "[h]e neither hurt anyone nor was he intentionally trying to hurt anyone." Appellant's Br. p. 7. While it is indeed fortunate that Bostic did not injure himself or anyone else while fleeing from police, he undoubtedly endangered himself and others by engaging in a bi-county automobile chase. This chase continued along both city streets and the interstate, potentially placing numerous others in harm's way.

As for his character, the record reflects that Bostic was twenty-one when he committed the instant criminal offense. At the time, he "was serving a federal sentence that he got when he was eighteen (18). He had served time in a federal penitentiary, was at a halfway house in Indianapolis." Tr. p. 30. Bostic engaged in the chase after absconding from federal placement in a halfway house. Bostic acknowledges that he knew that he was under the control of the federal government, arguing that he suffered a momentary lapse in judgment in his attempt to eradicate himself from gang influence and the gang lifestyle to which he had previously subjected himself. Bostic's assertion that he was trying to get away from negative influences and to improve his life does not negate the fact that he led officers on a bi-county chase after failing to comply with a traffic stop. We are unpersuaded by Bostic's claim that the trial court should have placed him in a minimally-restrictive placement given that he had recently absconded from another minimally-restrictive placement. Bostic has failed to convince us that his sentence is inappropriate.

The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.