## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 26 2020, 10:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public
Defender Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

Godfrey Osunwusi,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 26, 2020

Court of Appeals Case No.
19A-CR-2461

Appeal from the Marion Superior
Court

The Honorable Grant Hawkins,
Judge
The Honorable Peggy Hart,
Magistrate Pro Tem

Trial Court Cause No.
49G05-1901-F5-2718

**Pyle, Judge.**

# Statement of the Case

[1] Godfrey Osunwusi ("Osunwusi") appeals the four-year and three-month aggregate sentence imposed after a jury convicted him of Level 5 felony intimidation;[1] Level 6 felony residential entry;[2] Level 6 felony criminal recklessness;[3] and Level 6 felony domestic battery.[4] He argues that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of his offenses and his character. Concluding that the trial court did not abuse its discretion and that the sentence is not inappropriate, we affirm Osunwusi's sentence.

[2] We affirm.

# Issues

1. Whether the trial court abused its discretion in sentencing Osunwusi.

2. Whether Osunwusi's sentence is inappropriate in light of the nature of his offenses and his character.

# Facts

[3] In early 2019, forty-three-year-old Osunwusi and Ngozi Obenade Moses ("Moses"), who are both from Nigeria, were involved in a romantic

---

[1] IND. CODE § 35-45-2-1.

[2] I.C. § 35-43-2-1.5.

[3] I.C. § 35-42-2-2.

[4] I.C. § 35-42-2-1.3.

relationship. At some point, Moses wanted to end the relationship, but Osunwusi did not.

[4] In mid-January 2019, Moses and her roommate, Mary Onoja ("Onoja"), were planning a shopping trip. While they were talking, Osunwusi "barge[d] into" the women's apartment and asked them what they were doing. (Tr. Vol. 2 at 178). Moses told Osunwusi that she and Onoja were going shopping. Later that day, while Moses and Onoja were shopping, they noticed Osunwusi, who appeared to be following them throughout the store. When the two women were ready to leave the store, Osunwusi insisted on giving them a ride home.

[5] As Moses and Onoja approached their front door, they noticed that it was open, and that snow had blown into their apartment. Osunwusi entered the apartment with Moses and Onoja, and Moses asked him to leave. Osunwusi began shouting at Moses but eventually left.

[6] The following evening, before Moses and Onoja went to bed, Moses locked the front door and placed a chair against it. Moses took her one-year-old daughter upstairs and placed her on the bed. After her daughter had fallen asleep, Moses telephoned a friend's uncle, who was a police officer in Maryland, to discuss the situation involving Osunwusi.

[7] While she was talking on the telephone, Moses heard a noise downstairs. She then heard Osunwusi coming up the stairs. He was shouting, "[Moses], you are finished today. Today I will destroy you. You are finished." (Tr. Vol 2 at 184). Unable to open Moses' locked bedroom door, Osunwusi went back

downstairs. Moses heard him rummaging around in the kitchen drawers. Osunwusi returned with a knife that he used to pry open Moses' bedroom door.

[8] Osunwusi entered Moses' bedroom and shut the door. He grabbed Moses from behind and put his forearm across her neck, restricting her ability to breathe. Osunwusi put the knife against Moses' stomach and started laughing. He told her again that he was going to "finish . . . [and] destroy [her.]" (Tr. Vol. 2 at 189).

[9] Moses' screams woke up her daughter, who began crying. The Maryland police officer, who was still on the telephone, began shouting. Osunwusi picked up the telephone and asked the officer if he was Moses' boyfriend. While Osunwusi was distracted by the telephone, Onoja opened the bedroom door, grabbed Moses' daughter, ran into the bathroom, and locked the door.

[10] At the same time, Moses ran downstairs and out the front door. Osunwusi dropped the telephone and pursued Moses but was unable to find her. Moses ran to a nearby apartment and called the police, who found Osunwusi in his vehicle and arrested him.

[11] The State charged Osunwusi with two counts of Level 5 felony intimidation; Level 6 felony residential entry; Level 6 felony criminal recklessness; Level 6 felony domestic battery; and Level 6 felony strangulation.

[12] At the beginning of the September 2019 trial, Osunwusi told the trial court that it did not have jurisdiction over him because he was an "illegal alien." (Tr. Vol.

2 at 53). Moses, Onoja, and two police officers testified at trial. After both parties had presented their cases, the trial court granted Osunwusi's motion for a directed verdict on one of the Level 5 felony intimidation charges. The jury convicted Osunwusi of the other Level 5 felony intimidation charge as well as the Level 6 felony charges for residential entry, criminal recklessness, and domestic battery. The jury acquitted Osunwusi of the Level 6 felony strangulation charge.

[13] At the sentencing hearing, Osunwusi referred to the "expiring of [his] Visa" and agreed with the trial court that "his Visa [had] expired and he [had] just stayed a little longer[.]" (Tr. Vol. 3 at 82, 83). Osunwusi also agreed that there was an "immigration hold" on him. (Tr. Vol. 3 at 83).

[14] The trial court found Osunwusi's lack of criminal history to be a mitigating factor. In addition, the trial court found the following two aggravating factors: "[1] [Osunwusi's] actions were greater than necessary to satisfy the statutory requirements[;] and [2] he was in this country illegally at the time of the offenses as evidenced by [Osunwusi] currently having a hold for immigration purposes." (Tr. Vol. 3 at 92).

[15] The trial court sentenced Osunwusi to four (4) years and three (3) months for the Level 5 felony intimidation conviction and to two (2) years for each Level 6 felony conviction, all to be executed at the Department of Correction. The trial court further ordered the sentences to run concurrently.

[16] Osunwusi now appeals his sentence.

# Decision

[17] Osunwusi argues that: (1) the trial court abused its discretion in determining aggravating factors for sentencing him; and (2) his sentence is inappropriate in light of his character and the nature of his offenses. We address each of his arguments in turn.

## 1. Abuse of Discretion in Sentencing

[18] Osunwusi contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[19] Here, Osunwusi argues that the trial court abused its discretion by entering a sentencing statement that includes an improper aggravating factor that is unsupported by the record. Specifically, the gravamen of Osunwusi's argument

is that the trial court abused its discretion when it found as an aggravating factor that he was in the United States illegally at the time he committed the offenses. According to Osunwusi, "there was no proof [he] was in the country illegally." (Osunwusi's Br. 15).

[20] However, our review of the evidence reveals that Osunwusi admitted that he was an "illegal alien" (Tr. Vol. 2 at 53) and agreed with the trial court that "his Visa [had] expired and he [had] just stayed a little longer[.]" (Tr. Vol. 3 at 83). This evidence supports the trial court's finding that Osunwusi was in the United States illegally at the time he committed the offenses.

[21] This Court has previously determined that an individual's unlawful immigration status is a valid aggravating factor because it demonstrates a disregard for the law, including immigration laws. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). The trial court did not abuse its discretion when it found as an aggravating factor that Osunwusi was in the United States illegally at the time he committed the offenses.

## 2. Inappropriate Sentence

[22] Osunwusi also argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[23] The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[24] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Osunwusi was convicted of one Level 5 felony and three Level 6 felonies. The sentencing range for a Level 5 felony is one (1) to six (6) years, and the advisory sentence is three (3) years. IND. CODE § 35-50-2-6. The sentencing range for a Level 6 felony is six (6) months and two and one-half (2½) years, and the advisory sentence is one (1) year. IND. CODE § 35-50-2-7. Here, the trial court sentenced Osunwusi to four years and three months for the Level 5 felony, and two years for each Level 6 felony. The trial court further ordered the sentences to run

concurrently with each other, for an aggregate executed sentence of four years and three months.

[25] Regarding the nature of the offense, Osunwusi entered Moses' apartment through a door that was both locked and blocked with a chair. As he walked up the stairs to Moses' bedroom, Osunwusi called out that he was going to "finish" and "destroy" her. (Tr. Vol 2 at 184). Osunwusi used a knife to open Moses' locked bedroom door and entered the room where Moses' one-year-old daughter was sleeping. He placed a knife against Moses' stomach and again threatened to "finish" and "destroy" her. (Tr. Vol. 2 at 189). When Osunwusi became distracted by the telephone and Moses escaped from the bedroom, Osunwusi pursued her but was unable to find her. Regarding Osunwusi's character, we note that Osunwusi was in the United States illegally at the time that he committed the offenses against Moses. These facts do not support finding Osunwusi's sentence to be inappropriate.

[26] Based on this evidence, Osunwusi has failed to meet his burden to persuade this Court that his aggregate four-year and three-month sentence is inappropriate.

[27] Affirmed.

Baker, J., and Bradford, C.J., concur.