# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 08 2017, 10:47 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon J. Kent, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 8, 2017 <br><br> Court of Appeals Case No. <br> 84A01-1706-CR-1367 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Sarah K. Mullican, Judge <br><br> Trial Court Cause Nos. <br> 84D03-1602-F1-589 <br> 84D03-1302-FD-557 |

**Bradford, Judge.**

# Case Summary

[1] On February 26, 2016, Appellee-Plaintiff the State of Indiana ("the State") charged Appellant-Defendant Brandon J. Kent with numerous criminal offenses in connection to a domestic altercation with his ex-girlfriend and subsequent attempt to evade arrest.  Kent eventually pled guilty to Level 3 felony attempted aggravated battery, four counts of Level 6 felony criminal recklessness, and Level 6 felony resisting law enforcement.  The trial court accepted Kent's guilty plea and, on May 22, 2017, sentenced him to an aggregate term of sixteen years, with fourteen years executed and two years suspended to probation.  On appeal, Kent contends that his sentence is inappropriate in light of the nature of his offense and his character.  Concluding otherwise, we affirm.

# Facts and Procedural History[1]

[2] On February 22, 2016, Kent became engaged in an argument with his ex-girlfriend, Elaine, during an exchange of the former couple's children after Kent had exercised parenting time with the children.[2]  Kent and Elaine had arranged

---

[1] Given that few facts were included in the factual basis provided to the trial court during the guilty plea hearing, the parties rely on the facts presented in the "Affidavit of Probable Cause" in the fact patterns included in their appellate briefs.  In order to provide factual context to the reader, we will do the same.

[2] It appears that while Kent is the biological father of only one of the children, he was present in the second child's life since her birth and exercised parenting time with that child as well.

to meet in the lobby of the hotel where Elaine had been staying. However, Kent did not have either of the children with him when he arrived.

[3] At Kent's request, Elaine followed Kent to his apartment to pick up the children. While en route to the apartment, Kent "began speeding up passing [Elaine's vehicle, slamming on his brakes and swerving at [Elaine's] vehicle." Appellant's App. Vol. II–Confidential, p. 107. When Elaine pulled into a nearby parking lot, Kent threw a tire iron at her vehicle. Elaine did not continue on to Kent's apartment but, rather, returned to the hotel where she had been staying.

[4] Kent eventually brought the children to Elaine. When Elaine attempted to drive away with the children, Kent chased Elaine's vehicle and struck her windshield with a hatchet. He also struck Elaine's vehicle twice with his truck. Elaine called 911 and reported Kent's behavior. The 911 operator who received Elaine's call instructed Elaine to drive to the police station.

[5] When responding officers subsequently located Kent's vehicle, Kent attempted to evade arrest. In doing so, he struck two fully-marked police vehicles with his vehicle. He also attempted to hit one of the officers by driving his vehicle directly at the officer. One of the officers required medical treatment as a result of Kent's actions.

[6] On February 26, 2016, the State charged Kent in Cause Number 84D03-1602-F1-589 ("Cause No. F1-589") as follows: Count I–Level 1 felony attempted murder, Count II–Level 3 felony attempted aggravated battery, Count III –

Level 5 felony attempted battery by means of a deadly weapon, Count IV–Level 6 felony criminal recklessness, Count V–Level 6 felony criminal recklessness, Count VI–Level 6 felony criminal recklessness, Count VII–Level 6 felony criminal recklessness, Count VIII–Level 6 felony criminal recklessness, Count IX–Level 6 felony criminal recklessness, Count X–Level 6 felony resisting law enforcement, and Count XI–Class B misdemeanor criminal mischief.[3] In addition, because Kent had been on probation under Cause Number 84D03-1302-FD-557 ("Cause No. FD-557") at the time he allegedly committed these acts, the State also filed a notice of probation violation.

[7] On January 31, 2017, Kent pled guilty in Cause No. F1-589 to Counts II, V through VIII, and X. In exchange for Kent's guilty plea, the State agreed to dismiss all remaining charges, included the attempted murder charge. Kent also admitted to violating the terms of his probation in Cause No. FD-557. The trial court accepted Kent's guilty plea and, on May 22, 2017, sentenced Kent in Cause No. F1-589 to an aggregate sixteen-year sentence with fourteen years executed in the Department of Correction and two years suspended to probation. This appeal follows.

# Discussion and Decision

---

[3] Counts I through III and Counts VIII through X related to Kent's actions involving the responding police officers. Counts IV through VII and Count XI related to Kent's actions involving Elaine and the children.

[8]   Kent contends that his sixteen-year sentence imposed in Cause No. F1-589 is inappropriate.[4]   In challenging the appropriateness of his sentence, Kent acknowledges that he "attempted to batter a police officer with his vehicle in order to avoid being arrested after an altercation with his ex-girlfriend." Appellant's Br. p. 6.   However, he asserts that his sentence in inappropriate because (1) he "abandoned his attempt, saving the officer from serious injury or death," (2) was "extremely remorseful about his actions," and (3) "explained that his drug addiction played a role in the commission of the crime." Appellant's Br. p. 6.

[9]   Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."   In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'"   *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*).   The defendant bears the burden of persuading us that his sentence is inappropriate.   *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

---

[4] Kent does not challenge the 360-day sentence imposed by the trial court in Cause No. FD-557.

[10]     Kent limits his appropriateness challenge to the sentenced imposed for his conviction for the Level 3 felony aggravated battery committed against the responding police officer. Kent argues that the nature of this offense "was not particularly egregious or among the worst of the worst." Appellant's Br. p. 8. While Kent admitted that he attempted to batter the police officer with his vehicle, he points to the fact that he "abandoned his attempt before striking the police officer" and states that "[t]hankfully, the officer was not seriously injured." Appellant's Br. p. 8. While we too are thankful that the officer was not seriously injured, we cannot agree that Kent's actions were not egregious. Kent admitted that before "abandoning" his attempt, he attempted to batter the officer with his vehicle in an effort to avoid arrest following his altercation with his ex-girlfriend. We are also troubled by the fact that Kent's interactions with the officer were triggered by violent acts committed against his ex-girlfriend and their children. We find Kent's actions to be very serious and extremely disturbing.

[11]     As to Kent's character, it reflects poorly that, in committing the instant offenses, he endangered the lives of his children, his ex-girlfriend, and two separate police officers. Kent also has a criminal history that includes the following convictions: Class D felony possession of a controlled substances, Class A misdemeanor possession of a controlled substance, Class A misdemeanor possession of paraphernalia, and Class C misdemeanor failure to stop at the scene of an accident resulting in damage. He also has two prior juvenile adjudications for illegal consumption of an alcoholic beverage. In addition,

Kent has previously committed numerous probation violations and was on probation at the time he committed the instant offenses. Kent was also found to be a "MODERATE" risk to reoffend. Appellant's App. Vol. II–Confidential, p. 102. Furthermore, while it may reflect well on Kent's character that he expressed remorse for his actions, such remorse does not offset the seriousness of his actions or change the fact that Kent engaged in these violent actions while on probation for other unrelated criminal acts. Kent's actions and criminal history indicate that he has not only a disdain for the criminal justice system, but also a disdain for the rights and safety of others, including his children. Upon review, we conclude that Kent has failed to prove that his sentence is inappropriate in light of the nature of his offenses and his character.

[12]   The judgment of the trial court is affirmed.


May, J., and Barnes, J., concur.