## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2018, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joey Lee Offill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 21, 2018

Court of Appeals Case No.
58A01-1711-CR-2692

Appeal from the Ohio Circuit Court

The Honorable James D. Humphrey, Judge
The Honorable Kimberly A. Schmaltz, Magistrate

Trial Court Cause No.
58C01-1612-F5-7

**Bradford, Judge.**

# Case Summary

[1] On August 18, 2017, Joey Lee Offill pled guilty to Level 5 felony operating a vehicle after having received a lifetime suspension. In sentencing Offill, the trial court considered both his lengthy criminal history, consisting of thirty-nine prior convictions and fifteen prior probation violations, and his claimed mental deficiencies. The trial court imposed a five-year term of imprisonment. On appeal, Offill contends that his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] While on duty at approximately 3:30 a.m. on the morning of December 3, 2016, Ohio County Sheriff's Deputy Colin English observed a vehicle approaching that had a headlight out. Deputy English initiated a traffic stop and identified Offill as the driver. During the traffic stop, Offill indicated that he "hadn't had his license in a long time." Tr. p. 7.

[3] The State charged Offill with Level 5 felony operating a vehicle after having received a lifetime suspension on December 5, 2016. On August 18, 2017, Offill pled guilty as charged. The trial court subsequently imposed a five-year executed sentence.

# Discussion and Decision

[4]     Offill contends that his five-year sentence in inappropriate.[1]  Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'"  *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*).  The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5]     In this case, Offill chose to drive a vehicle despite knowing that his driving privileges had previously been suspended for life.  In fact, when pulled over, Offill told Deputy English that "he hadn't had a license in a long time."  Tr. p. 7.  Offill's vehicle only had one headlight when Deputy English initiated the traffic stop at approximately 3:30 in the morning.  Offill also smelled of alcoholic beverage, appeared nervous, had a blood alcohol concentration of .076, and had alcoholic beverages with him in the vehicle.  Offill's actions are

---

[1]  Although Offill's brief references both the abuse of discretion and appropriateness standards of review, it only presents a cogent argument relating to the appropriateness standard.  We will therefore limit our review accordingly.

troubling given his pattern of engaging in alcohol-related offenses, including operating vehicles while intoxicated.

[6] As for Offill's character, the record indicates that the trial court considered his mental deficiencies but found that they paled in significance to his criminal history. Offill had thirty-nine previous convictions and had violated the terms of probation on fifteen prior occasions. Many of these convictions appear related to alcohol abuse for which Offill has not sought treatment. In addition, while out on bond awaiting resolution in this case, Offill was charged with numerous additional crimes. These crimes included battery against his sister and another individual. He was also found to be a "very high" risk to reoffend. Appellant's App. Vol. III, p. 16. Offill blames his criminal behavior on his mental deficiencies but has nonetheless failed to follow through on prior opportunities to receive mental health treatment. Given the nature of his offense and his significant criminal history, Offill has failed to convince us that his five-year sentence is inappropriate.

[7] The judgment of the trial court is affirmed.

Brown, J., and Altice, J., concur.