## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Justin R. Wall
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew A. Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 19, 2018

Court of Appeals Case No.
18A-CR-2023

Appeal from the Wabash Circuit Court

The Honorable Robert R. McCallen III, Judge

Trial Court Cause No.
85C01-1802-F5-220

**Bradford, Judge.**

# Case Summary

[1] After pleading guilty to Level 5 felony battery resulting in injury to a public safety officer, Matthew A. Johnson was sentenced to a four-year term of incarceration. Johnson contends on appeal that his sentence is inappropriate. Because we conclude otherwise, we affirm.

# Facts and Procedural History

[2] Beginning on January 18, 2018, Johnson was confined at the Wabash County Jail for pending charges of domestic battery, theft, and eleven counts of invasion of privacy. On February 17, 2018, while two corrections officers were speaking to another inmate just outside of the cell doors, Johnson crossed a yellow line that inmates know not to cross, grabbed a bar near the door for leverage, and kicked the door open with his right foot. The door struck Officer Denver Brown in the arm causing redness, partially torn skin, and bruising. Johnson was then observed laughing, giving another inmate a fist bump, and giving the middle finger to a surveillance camera.

[3] On February 26, 2018, the State charged Johnson with Level 5 felony battery resulting in injury to a public safety officer. Johnson subsequently pled guilty. The trial court accepted Johnson's plea and sentenced him to a four-year term of incarceration.

# Discussion and Decision

[4]     Johnson contends that his four-year sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5]     Following his conviction for a Level 5 felony, Johnson could have been sentenced to a maximum sentence of six years. *See* Ind. Code § 35-50-2-6(b) (providing that a person who commits a Level 5 felony "shall be imprisoned for a fixed term of between one (1) and six (6) years, with the advisory sentence being three (3) years). Johnson claims that his slightly enhanced four-year sentence is inappropriate because his actions were "not exactly egregious due to the fact that Officer Brown only suffered a minor abrasion to his arm" and did not require any additional medical treatment. Appellant's Br. p. 15. While Officer Brown may have been lucky enough to avoid serious injury, Johnson's actions were nonetheless serious. While incarcerated and without any stated provocation, Johnson forcibly kicked a jail cell door, striking Officer Brown.

[6] As for Johnson's character, the record reveals that Johnson had two prior misdemeanor convictions and a prior probation violation. In addition, at the time he committed the incident in question, Johnson had thirteen pending criminal charges. Further, while Johnson claims to be remorseful, his actions immediately after the incident suggest otherwise. The record reveals that immediately after kicking the cell door, Johnson was laughing and gave a fist bump to another inmate before turning to give the middle finger to the security camera. Johnson has failed to convince us that his four-year sentence is inappropriate.

[7] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.