## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 27 2020, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Emily R. Loredo,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 27, 2020

Court of Appeals Case No.
20A-CR-1120

Appeal from the Adams Superior Court

The Honorable Patrick R. Miller, Judge

Trial Court Cause No.
01D01-1711-F6-230

**Bradford, Chief Judge.**

# Case Summary

[1] Emily Loredo was charged with two counts of Level 6 felony dealing in a substance represented to be a controlled substance. Loredo pled guilty to these charges but absconded from Indiana before her sentencing hearing. Eventually, she turned herself in to Virginia authorities, was extradited to Indiana, and reaffirmed her guilty plea to both Level 6 felony charges. The trial court accepted Loredo's guilty pleas and sentenced her to an aggregate 730-day term of incarceration. On appeal, Loredo contends that her aggregate 730-day sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On June 17, 2017, Loredo sold a substance represented to be heroin to a confidential informant ("CI") for the Berne Police Department, though officers believed the purported substance was mostly fentanyl. On June 24, 2017, Loredo sold a substance represented to be fentanyl to the same CI, though the substance was field tested to contain diphenhydramine[1] and nicotinamide.[2]

---

[1] Diphenhydramine is an antihistamine sometimes used to induce sleep, treat the symptoms of Parkinson's disease, and to treat motion sickness. Sanjai Sinha, MD, *Diphenhydramine,* DRUGS (last visited Oct. 7, 2020), https://www.drugs.com/diphenhydramine.html.

[2] Nicotinamide is a water-soluble vitamin in the vitamin B complex group commonly used as an anti-inflammatory. *Nicotinamide*, DRUGS (last visited Oct. 7, 2020), https://www.drugs.com/drp/nicotinamide.html.

On September 10, 2018, Loredo pled guilty to two counts of Level 6 felony dealing in a substance represented to be a controlled substance. Loredo was ordered to appear at a sentencing hearing on October 1, 2018. However, Loredo failed to appear for that sentencing hearing and a warrant was issued for her arrest. On May 13, 2020, the trial court sentenced Loredo to 730 days of incarceration for each charge, to be served concurrently.

## Discussion and Decision

Loredo contends that her 730-day sentence is inappropriate. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In reviewing such claims, "[t]he principal role . . . should be to leaven the outliers, . . . but not to achieve a perceived correct result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1125 (Ind 2008). Ultimately, we "do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is inappropriate." Barker v. State (internal quotations omitted). The defendant bears the burden of persuading us that her sentence is inappropriate. *Sanchez v. State,* 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). (internal quotations omitted). The defendant bears the burden of persuading us that her sentence is inappropriate. *Sanchez v. State,* 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[5] The trial court sentenced Loredo to a term of 730 days for her two Level 6 felony dealing in a substance represented to be a controlled substance convictions. Indiana Code Section 35-50-2-7(b) provides that "[a] person who commits a Level 6 felony . . . shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½ ) years, with the advisory sentence being one (1) year." Therefore, in sentencing Loredo to concurrent 730-day terms, the trial court imposed an aggravated sentence.

[6] Regarding the nature of the offense, Loredo pled guilty to two counts of Level 6 felony dealing in a substance represented to be a controlled substance. The nature of these offenses is revealed by examining the "details and circumstances of the commission of the offense[.]" *Perry v. State*, 78 N.E.3d 1 (Ind. Ct. App. 2017). Loredo sold fentanyl, another controlled substance, which she represented to be heroin to a CI, and sold diphenhydramine and nicotinamide which she represented to be fentanyl to the same CI on a separate occasion. The facts of this case are that Loredo participated in the sale of narcotics or other substances represented to be narcotics.

[7] As for Loredo's character, "[w]hen considering the character of the offender, one relevant fact is the defendant's criminal history." *Johnson v. State,* 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Loredo argues that her past criminal behavior can largely be attributed to her prior drug use. Loredo's criminal history includes a juvenile adjudication for leaving home without the permission of a parent, guardian, or custodian; three misdemeanor convictions;

and four felony convictions.[3]  Loredo's apparent disregard for the laws of this state, as evidenced by her criminal behavior, reflects poorly on her character. *See* Rutherford v. State,  (providing that even a minor criminal history is a poor reflection on a defendant's character).  (providing that even a minor criminal history is a poor reflection on a defendant's character).

[8]  Loredo argues that her sentence is inappropriate in light of her positive character traits.  Loredo, who has two children, argues that "she is a loving mother who is genuinely concerned about their well-being and wants the best for them," even though they are not currently living with her.  Appellant's Br. p. 12. Though sincere love for one's children is obviously a positive trait, it does not mean that Loredo's sentence is inappropriate.  Loredo also claims to have been subjected to abuse as a child and, as a result, suffers from anxiety, depression, and post-traumatic stress disorder ("PTSD").  Loredo, however, presented no evidence to support her claim that she suffers from anxiety, depression, or PTSD or to prove any nexus between her alleged mental illness and the commission of her crime.  *See, e.g.*, *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998) (concluding that courts should consider, inter alia, "the extent of any nexus between the disorder or impairment and the commission of the

---

[3] Loredo's prior convictions included the following: Level 6 felony theft of a firearm, Level 6 felony possession of methamphetamine, two convictions for Level 6 felony unlawful possession of a syringe, Class A misdemeanor criminal mischief, Class A misdemeanor operating while intoxicated endangering a person, and Class B misdemeanor possession of marijuana.

crime" when considering the weight that should be given to mental illness as sentencing).

[9] Loredo also claims that her guilty plea should reflect positively on her character under these circumstances, showing that she accepted responsibility for her actions. We cannot agree. While it is true that, in general, "a defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return[,] the significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer v. State*, 875 N.E.2d 218, 220–21 (Ind. 2007). After pleading guilty but prior to her sentencing, Loredo absconded from Indiana for 509 days before turning herself in to Virginia authorities, who then extradited Loredo back to Indiana. Avoiding punishment for such a period undermines the assertion that Loredo willingly and readily accepted responsibility for her actions. In light of all these considerations, Loredo has failed to convince us that her concurrent 730-day sentence is inappropriate. *See Sanchez,* 891 N.E.2d at 176 ("The defendant bears the burden of persuading us that his sentence is inappropriate.").

[10] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.